Filed 12/16/14  P. v. Carrion CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C074682 |
| Plaintiff and Respondent, | (Super. Ct. No. CR549281) |
| v. | |
| BRYAN DOUGLAS CARRION, | |
| Defendant and Appellant. | |

A jury found defendant Bryan Douglas Carrion guilty of conspiracy to unlawfully take and sell wild game and possession of a firearm and ammunition by a felon. Defendant admitted a prior prison term enhancement and that he was out on bond at the time of the commission of the alleged offenses.  The court sentenced defendant to an aggregate prison term of seven years and four months.

On appeal, defendant contends his sentence for possession of a firearm by a felon must be stayed pursuant to Penal Code[1] section 654 because his possession of a firearm was incidental in "objective and motive" to the conspiracy to unlawfully take and sell wild game. We agree. Accordingly, we modify defendant's sentence and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012 California Department of Fish and Wildlife[2] (Fish and Wildlife) investigated defendant and three other men for unlawful hunting. In September 2012, defendant and a coconspirator brought a full bull elk to Carroll Ehrke for processing at his facility. Defendant told Ehrke that he had shot the elk.

On October 20, 2012, Fish and Wildlife wardens observed coconspirator Jason Martinez driving with defendant riding in the passenger seat. When defendant exited the truck, he carried a long gun over his right shoulder then mounted an ATV with his coconspirator to hunt wild pigs. Using aerial surveillance, the wardens observed defendant fire the long gun. Throughout the night, defendant and his coconspirator shot three pigs, taking two and leaving one behind. At one point the men took a break and the long gun was placed on the ATV. The wardens observed one man pick up the long gun and hand it to the other man before they both got back on the ATV. Wardens later seized the long gun from another coconspirator's residence.

On October 25, 2012, wardens tracked defendant and a group of men by aerial surveillance and by ground unit. Warden Chris Stoots observed one pig shot from an

---

[1]     Further undesignated section references are to the Penal Code.

[2]     Both parties and the trial court refer to the state agency as "California Department of Fish and *Game*" (italics added); however, recent legislation changed the name of the agency to California Department of Fish and Wildlife, effective January 1, 2013. (Assem. Bill No. 2402 (2011-2012 Reg. Sess.) § 1.)

ATV and two pigs shot from defendant's truck. After the hunt, wardens identified defendant as the passenger in the truck.

On May 23, 2013, the Colusa County District Attorney's Office charged defendant with conspiracy to unlawfully take and sell wild game, possession of a firearm and ammunition by a felon, and possession of marijuana for sale. The information alleged that defendant served a prior prison term and had been released on bond during the course of the alleged offenses. Prior to trial, the prosecution struck three overt acts from the information and dismissed the marijuana charge. Defendant admitted the prior prison term enhancement and that he was out on bond at the time of the commission of the alleged offenses.

A jury returned guilty verdicts for conspiracy to unlawfully take and sell wild game, possession of a firearm by a felon, and possession of ammunition by a felon. The trial court sentenced defendant to consecutive state prison terms for conspiracy to unlawfully take and sell wild game and possession of a firearm by a felon because "the crimes were independent in their objective and motive." The court sentenced defendant to an aggregate prison term of seven years and four months.

DISCUSSION

On appeal, defendant contends his sentence of consecutive state prison terms for conspiracy and possession of a firearm by a felon was an error because his possession of a firearm was incidental in "objective and motive" to the conspiracy to unlawfully take and sell wild game. We agree that defendant's sentence for possession of a firearm by a felon must be stayed pursuant to section 654.

Section 654, subdivision (a) provides in relevant part as follows: "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (*People v. Atencio* (2012) 208 Cal.App.4th 1239, 1243.) At its simplest,

3

section 654 precludes multiple punishment for a single act or for a course of conduct comprising indivisible acts. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

We review the trial court's findings in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1143.) Whether section 654 applies to the facts in a given case is one of fact for the trial court to decide, and such findings will be upheld on appeal if there is any substantial evidence to support them. (*People v. Atencio*, *supra*, 208 Cal.App.4th at p. 1242.)

Whether a course of criminal conduct is divisible depends on the intent and objective of the actor. (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1143; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) Whether unlawful possession of a firearm by a felon constitutes a divisible transaction from the offense in which he employs the weapon depends on the facts and evidence of each individual case. (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1143.) In *Jones*, the trial court imposed sentences on both counts of shooting at an inhabited dwelling and possessing a firearm as a felon. (*Id*. at p. 1142.) The appellate court affirmed, reasoning that because Jones arrived at his girlfriend's house with the firearm, it was reasonable to infer that the possession was "a separate and antecedent offense, carried out with an independent, distinct intent from the primary crime." (*Id*. at pp. 1141, 1142.)

The People contend that defendant's possession of a firearm "both before and after he was actively involved in the illegal hunting of game" supports affirming his unstayed sentence for possession of a firearm by a felon. We reject this contention for two reasons: first, defendant was sentenced for conspiracy to engage in repeated acts of unlawfully taking and selling wild game -- not a discrete act of unlawful hunting; and second, there is no evidence defendant possessed a firearm outside the conspiracy.

The People contend that defendant's possession of the firearm when he entered his truck before and after he actively hunted on October 20, 2012, shows two separate

4

offenses analogous to Jones's possession of a firearm before shooting at his girlfriend's house.  (See *People v. Jones*, *supra*, 103 Cal.App.4th at pp. 1141-1143.)  This analogy to *Jones* fails because here defendant's offense other than possession of the firearm was participating in a conspiracy to engage in repeated acts of unlawfully taking and selling game over a period of months, while Jones was sentenced for an offense that consisted of a single discrete act.  Whether defendant's possession of the firearm before and after actively hunting is a divisible act from a single discrete act of unlawful hunting is not before us.

The People contend that defendant's possession of a firearm was a separate offense from the conspiracy to unlawfully take and sell wild game because defendant necessarily possessed the firearm before and after unlawful hunting.  The People define the scope of the conspiracy too narrowly.

"[T]he elements of a conspiracy are:  1) an agreement to commit a crime, and 2) an overt act done by a member of the conspiracy in furtherance of the agreement." (*People v. Brown* (1991) 226 Cal.App.3d 1361, 1367.)  A conspiracy does not require that the object of conspiracy be carried out or completed.  (*People v. Manson* (1976) 61 Cal.App.3d 102, 156.)  The overt act requirement serves to prove the existence of the agreement.  (*People v. Brown*, *supra*, 226 Cal.App.3d at p. 1368.)  A defendant cannot be convicted unless at least one overt act is alleged and proved by the prosecution.  (*Id.* at p. 1367.)

The evidence shows defendant possessed a firearm only "by virtue of the joint operation, the conspiracy, to effect the hunt," as defendant stated in his opening brief. The jury found defendant conspired to unlawfully take and sell wild game from on or between May 15, 2012, and through October 27, 2012.  The evidence shows defendant illegally hunted a full bull elk in September 2012 with a shotgun then illegally hunted wild pigs and deer on two occasions in October 2012.  Defendant's possession of a

5

firearm while he looked for and shot wild pigs with coconspirators indicates these were discrete acts of illegal hunting during an overall agreement of many months.

The People confuse these discrete acts of illegal hunting with the conspiracy, that is, the agreement to unlawfully take and sell wild game. No evidence in the record suggests defendant possessed a firearm outside the conspiracy to unlawfully take and sell wild game. Specifically, the long gun defendant possessed on October 20, 2012, was seized from another coconspirator's residence. Because defendant's possession of the long gun was only in conjunction with the primary offense of conspiracy to unlawfully take and sell wild game, separate punishment for the illegal possession of the firearm was improper. (See *People v. Jones*, *supra*, 103 Cal.App.4th at p. 1144.)

## DISPOSITION

Defendant's sentence is modified to stay the term of imprisonment on his conviction of possession of a firearm by a felon. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward the amended abstract to the Department of Corrections and Rehabilitation.


      ROBIE      , J.


We concur:


    NICHOLSON    , Acting P. J.


    DUARTE    , J.

6